IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES E. SHRUM, #619440,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00669** |
| | ) | **Judge Trauger** |
| **TIMOTHY TILLEY, et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

James Shrum, a state inmate formerly incarcerated at the South Central Correctional Facility (SCCF) in Clifton, Tennessee, has filed a pro se Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the court for ruling on the plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. APPLICATION TO PROCEED IFP**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] Prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—while prisoners who are granted pauper status are only liable for the $350

The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. To determine whether the Complaint states a plausible claim, the court "must (1)

---

civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).

**B. Plaintiff's Allegations**

The plaintiff alleges that he was involved in an altercation with his cellmate on February 22, 2022. The plaintiff was not the aggressor in that altercation, nor was he significantly injured. (Doc. No. 1 at 5–8.) Nevertheless, he was taken to the medical unit at SCCF for observation. While in the medical unit, he overheard an officer saying that he was going to be placed in Skylab (*id.* at 7–8), a segregated housing unit at SCCF. (*See id.* at 10.) The plaintiff was waiting for a nurse to return to the medical-unit room when Officer Timothy Tilley "aggressively came into the room [and] told [the plaintiff] to get up against the wall" with his hands behind his back. (*Id.* at 8.) Although the plaintiff complied with this order, Officer Tilley yelled at him, slammed him against the wall, and shouted for assistance from other officers. (*Id.* at 8–9.) Officers Williams and Barnett responded, and one of them kicked the plaintiff's left leg out from under him, causing him to be slammed to the concrete floor. (*Id.* at 9.) The beating he sustained from these three officers resulted in broken bones in his left arm and leg, as well as pelvic, knee, and facial injuries. (*Id.* at 9–10.) The plaintiff was then hoisted up onto his feet, and he saw a total of four officers in the medical

3

unit room, with medical staff standing outside the room. (*Id.* at 10.) The plaintiff was taken from the medical unit by officers who had to hold him up because he could not walk properly. (*Id.* at 10.) He was escorted to Skylab, where he was strip searched and was told to sign papers. (*Id.* at 11.) The plaintiff could not sign the paperwork, and the officers escorted him to a cell where his bunk did not have a mattress or any bedding, and where he was left without medical attention despite passing blood when relieving himself. (*Id.* at 12.) He claims that these injuries were inflicted upon him despite the fact that he did not harm anyone. (*Id.* at 13.) As relief, the plaintiff seeks an award of damages against each of the three officers he names as defendants: Tilley, Williams, and Barnett. (*Id.* at 1, 3–4.)

**C. Analysis**

To begin with, the three defendants—employed at SCCF by its corporate operator, CoreCivic, to "perform the traditional state function of operating a prison"— are without question state actors for purposes of Section 1983. *Smith v. Rodela*, No. 1:22-CV-00023, 2022 WL 2975297, at *3 (M.D. Tenn. July 27, 2022) (citing *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). Liberally construing the pro se Complaint, it presents a cause of action against these defendants under the Eighth Amendment's Cruel and Unusual Punishments Clause, which prohibits the use of excessive force against convicted inmates.

The "core judicial inquiry" in considering such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition to this subjective inquiry, there is also an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th

Cir. 2011)). The Court does not apply a "de minimis injury" test to such claims however, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34).

Presuming the truth of Plaintiff's allegations, the Court finds that the serious nature of the force, the maliciousness of its unprovoked application, and the seriousness of the resulting injuries are colorably established for purposes of initial review. The excessive-force claim for damages against defendants Tilley, Williams, and Barnett will proceed for further development.[2]

### III. CONCLUSION

In light of the foregoing, the plaintiff's IFP application (Doc. No. 2) is **GRANTED**, and the $350 filing fee is **ASSESSED** as described above.

As explained above, the court finds that the Complaint states a colorable excessive-force claim against Defendants Tilley, Williams, and Barnett. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff service packets (blank summonses and USM 285 forms) for these three Defendants.

Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **21 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE.**

The court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons

---

[2] The plaintiff also alleges that unnamed "medical staff" failed to treat his severe injuries on February 22, 2022, despite numerous attempts that day "to go to medical staff and tr[y] to get medical staff to attend" to his needs. (Doc. No. 1 at 12–13.) However, the Complaint does not name any member of the SCCF medical staff as a defendant, but only the three correctional officers. (*See* Doc. No. 1 at 1, 3.) Accordingly, the court does not construe the Complaint as asserting a claim based on lack of medical treatment at this time.

set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge