UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| JAMES E. SHRUM,<br><br>  Plaintiff,<br><br>v.<br><br>TIMOTHY TILLEY et al.,<br><br>  Defendants. | Case No. 3:22-cv-00669<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pro se and *in forma pauperis* Plaintiff James E. Shrum brought this civil rights action under 42 U.S.C. § 1983 arising out of an incident that took place in February 2022 while he was incarcerated at South Central Correctional Facility (SCCF) involving Defendants SCCF Officers Timothy Tilley and Tyler Barnett, and Lieutenant Christopher Williams. (Doc. No. 1.) On February 16, 2024, Tilley and Barnett moved for summary judgment on Shrum's claims against them under Federal Rule of Civil Procedure 56; they filed an amended certificate of service four days later because Shrum provided an updated mailing address. (Doc. Nos. 29, 31, 32.)

Shrum did not file a response in opposition to Tilley and Barnett's motion, but filed two letters stating that he had received their motion for summary judgment, summarily disputing their arguments for summary judgment, and arguing that he has proof to proceed to trial on his claims (Doc. Nos. 37, 38). The Court found that those filings to be an insufficient response in opposition to Tilley and Barnett's motion for summary judgment and entered an order on May 13, 2024, extending the deadline for Shrum to file a memorandum of law and statement of undisputed

materials facts in response to Tilley and Barnett's motion until June 3, 2024. (Doc. No. 39.) Shrum has not filed anything in response to the Court's order.

Also, nearly two years have passed since Shrum brought this action in August 2022, and the docket shows that, although Shrum returned a completed service packet for Williams, the U.S. Marshals Service has not been able to effect service of process on Williams. (Doc. Nos. 11, 22.)

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Shrum's claims against Tilley and Barnett without prejudice under Federal Rule of Civil Procedure 41(b) for Shrum's failure to prosecute his claims against them, find moot Tilley and Barnett's motion for summary judgment, and dismiss Shrum's claims against Williams without prejudice under Federal Rule of Civil Procedure 4(m) for Shrum's failure to effect service of process on Williams.

## I.     Relevant Background

### A.     Tilley and Barnett's Motion for Summary Judgment

Shrum initiated this action by filing a complaint asserting § 1983 claim against Tilley, Barnett, and Williams, alleging that they used excessive force against him in the medical unit room at SCCF on February 22, 2022, leaving Shrum with injuries to his left arm and leg, pelvis, knee, and face, and alleging that CoreCivic, which provides medical care to inmates housed at SCCF, and SCCF medical staff refused to treat him for his injuries. (Doc. No. 1.) The Court granted Shrum's application to proceed *in forma pauperis*, screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, and found that Shrum had stated colorable § 1983 excessive force claims against Tilley, Barnett, and Williams under the Eighth Amendment. (Doc. No. 6.) The Court found that the complaint "does not name any member of the SCCF [and CoreCivic] medical staff as a defendant" and, therefore, "the court d[id] not construe the

2

Case 3:22-cv-00669    Document 40    Filed 06/14/24    Page 2 of 18 PageID #: 248

[c]omplaint as asserting a claim based on lack of medical treatment at th[at] time." (*Id.* at PageID# 35 n.2.)

After Shrum completed and returned service packets for the defendants, the Clerk of Court issued summonses to Tilley, Barnett, and Williams, and the Marshals Service effected service of process on Tilley and Barnett on Shrum's behalf under Rule 4(c)(3). (Doc. Nos. 7, 12, 17, 21.) The Marshals Service was not able to effect service of process on Williams. Counsel for Tilley and Barrett entered appearances (Doc. Nos. 9, 10, 18, 19), and Tilley and Barnett answered the complaint (Doc. Nos. 13, 20). On June 20, 2023, the Court entered a scheduling order setting February 21, 2024, as the deadline for "[a]ll dispositive motions to dismiss or motions for summary judgment [to] be filed" and instructing that any "[r]esponses shall be filed by no later than twenty-eight (28) days after the dispositive motion is served[.]" (Doc. No. 26, PageID# 121.)

On February 16, 2024, Barnett and Tilley filed a motion for summary judgment under Federal Rule of Civil Procedure 56 (Doc. No. 29) supported by a memorandum of law (Doc. No. 30), a statement of undisputed material facts (Doc. No. 29-1), and declarations of Tilley, Barnett, and non-party SCCF grievance chairperson Melissa Strawn and accompanying exhibits (Doc. Nos. 29-2–29-4). Tilley and Barnett certified that they served their motion and supporting documentation on Shrum by mail at the Morgan County Correctional Complex in Wartburg, Tennessee, which was his mailing address of record. (Doc. No. 29.)

On the same day, the Clerk's Office docketed a letter from Shrum asking the Clerk's Office for an update on the status of the case and stating that he was then in custody at the Sumner County Jail in Gallatin, Tennessee. (Doc. No. 31.) The Clerk's Office docketed Shrum's letter as a motion for a status update and updated his mailing address on the docket (*id.*). On February 20, 224, the

3

Court directed the Clerk's Office to send Shrum a copy of the docket sheet in this action. (Doc. No. 33.)

Tilley and Barnett filed an amended certificate of service on February 20, 2024, certifying that, in light of Shrum's letter providing his updated mailing address, they served copies of their motion for summary judgment and its supporting documentation on Shrum by mail at the Sumner County Jail. (Doc. No. 32, PageID# 228.) On March 27, 2024, the Court directed the Clerk of Court to send additional copies of the Court's February 20, 2024 order and a current docket sheet to Shrum at the Sumner County Jail. (Doc. No. 35.) The Court inadvertently overlooked Tilley and Barnett's amended certificate of service informing the Court that they had re-served their summary judgment motion on Shrum at the Sumner County Jail on February 20, 2024, and ordered Tilley and Barnett to serve another copy of their motion for summary judgment and supporting documentation on Shrum at the Sumner County Jail. (*Id.*) The Court ordered Shrum to "file any response in opposition to the motion for summary judgment no later than 28 days after service of the motion." (*Id.* at PageID# 232.) The Court warned Shrum that his "[f]ailure to do so may result in a recommendation that his claims be dismissed for failure to prosecute. . . ." (*Id.* at PageID# 232–33.) Tilley and Barnett filed a notice informing the Court that they had mailed a third service copy of their filings to Shrum at the Sumner County Jail on March 28, 2024. (Doc. No. 36.)

On May 13, 2024, the Court entered an order addressing Shrum's failure to file a response in opposition to Tilly and Barnett's motion for summary judgment. (Doc. No. 39.) The Court summarized Shrum's recent filings as follows:

> The docket reflects that Shrum has filed two letters in response to Tilley and Barnett's motion for summary judgment and this Court's orders. (Doc. Nos. 37, 38.) In a March 25, 2024 letter, Shrum informed the Court that he has "received paperwork from [Tilley and Barnett's counsel] and their [claim] [that] [n]o [a]ctions

4

Case 3:22-cv-00669    Document 40    Filed 06/14/24    Page 4 of 18 PageID #: 250

of their own [caused] [his] injuries[,]" and stated that he "ha[s] full proof of all names and even eye witnesses" to show that jail staff "put [him] in danger," which forced him to "place [him]self in medical to keep [the] staff [from] assaulting [him]" in violation of "[his] human rights . . . ." (Doc. No. 37, PageID# 237.) Shrum also states that he will be released from the Sumner County Jail on July 20, 2024. (Doc. No. 37.) In an April 4, 2024 filing, Shrum informed the Court that he received the Court's order instructing him "to return a response to the motion" for summary judgment and that "[he] would like to proceed to trial" on his claims against the defendants in this action. (Doc. No. 38, PageID# 240.) He also informed the Court that he is "aware of pretrial conference and trial date[s] noticed by [the Court]" and asks that the Court "notify [him] [as] soon as possible" of any other filings in this case. (*Id.*)

(*Id.* at PageID# 244–45 (alterations in original).) The Court found that, "[u]nder [its] [March 27, 2023] order and Federal Rule of Civil Procedure 6(d), any response in opposition to the summary judgment motion was due by April 29, 2024." (*Id.* at PageID# 245 (footnote omitted).) The Court also found that:

> In his most recent filings, Shrum states that he received Tilley and Barnett's motion for summary judgment, summarily disputes Tilley and Barnett's argument in favor of summary judgment, and argues that he has proof to proceed to trial on his claims. (Doc. Nos. 37, 38.) But those filings are an insufficient response in opposition to Tilley and Barnett's motion for summary judgment and do not comply with this Court's Local Rules. *See* M.D. Tenn. R. 7.01(a)(3) (response) ("[A]ny party opposing a motion must serve and file a memorandum of law in response . . . ."); M.D. Tenn. R. 56.01(c) (response to statement of facts) ("Any party opposing the motion for summary judgment must respond to each fact set forth by the movant . . . on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant" and "[s]uch response must be filed with the papers in opposition to the motion for summary judgment."). Shrum has not filed a memorandum of law setting forth his legal arguments as to why Tilley and Barnet are not entitled to summary judgment and has not filed a separate response to their statement of undisputed material facts.

(*Id.* at PageID# 245–46). Noting Shrum's "pro se status and [ ] apparent intent to oppose summary judgment," the Court afforded Shrum a final opportunity to respond in opposition to Tilley and Barnett's motion for summary judgment and ordered him to do so by June 3, 2024. (*Id.* at PageID# 246.) The Court warned Shrum that "[f]ailure to do so may result in a recommendation

that his claims be dismissed for failure to prosecute or that the defendants' motion for summary judgment be granted." (*Id.*)

The docket shows that Shrum has not filed any response to Tilley and Barnett's summary judgment motion or statement of undisputed material facts.

### B. Service of Process on Williams under Rule 4

On March 13, 2023, the Marshals Service returned Williams's summons unexecuted with a note stating that Williams could not be served because he no longer works at SCCF. (Doc. No. 11.) The Court ordered SCCF Warden Grady Perry or an authorized representative to file a notice under seal providing Williams's last-known address and directed the Clerk of Court to re-issue a summons to Williams at the address provided. (Doc. No. 14.) Perry filed Williams's last-known address under seal (Doc. No. 16), and the Clerk of Court re-issued a sealed summons for Williams (Doc. No. 17). On June 1, 2023, the Marshals Service returned Williams's sealed summons as unexecuted with a note stating that the identified residence was vacant and the Marshals Service was unable to locate Williams. (Doc. No. 22.) The next day, the Court entered an order finding that "[t]he Marshals Service ha[d] returned the summons for Williams unexecuted after two attempts" and instructing Shrum that, "[i]f . . . Shrum is able to provide a different address at which Williams may be served, [Shrum] shall do so by June 23, 2023." (Doc. No. 23.) The Court warned Shrum that, "[i]f Williams is not served in compliance with Federal Rule of Civil Procedure 4, the Court may recommend that [Williams] be dismissed from the action." (*Id.*)

In a letter dated June 12, 2023, Shrum informed the Court that "[he] cannot provide [the Court] with an address where [ ] Williams resi[des] at this moment" but would be able to do so after he was released from custody in July 2023. (Doc. No. 24, PageID# 115.)

On June 20, 2023, the Court entered an order stating that Shrum "ha[d] responded to the Court's June 2, 2023 order regarding service of . . . Williams . . . ." (Doc. No. 25.) The Court

6

explained that it "will enter a scheduling order and the case will proceed against the defendants who have appeared" "[t]o ensure that the progress of this action is not unduly delayed[.]" (*Id.*) The Court further stated that, "[i]f Shrum is able to serve Williams after [Shrum's] release from custody, he may file a motion asking that the service period under Federal Rule of Civil Procedure 4 be extended to accommodate late service." (*Id.*) That same day, the Court entered a scheduling order setting deadlines for the parties to file amended pleadings, complete discovery, and file dispositive motions. (Doc. No. 26.)

The docket shows that Williams has not been served or appeared in the action, and Shum has not filed a motion to extend the service period for Williams under Rule 4.

## II. Legal Standards

### A. Rule 41(b)

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**B.     Rule 4(m)**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of

8

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

### III. Analysis

The Court finds that dismissal of Shrum claims against Tilley and Barnett under Rule 41(b) and Shrum's claims against Williams under Rule 4(m) is appropriate. The Court addresses each basis for dismissal in turn below.

#### A. Dismissal under Rule 41(b)

Dismissal of Shrum's claims against Tilley and Barnett is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Shrum.

##### 1. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Shrum initiated this action and diligently pursued his claims between

August 24, 2022,[1] and April 10, 2024. (Doc. Nos. 1, 2, 5, 8, 24, 31, 37, 38.) There is no indication that Shrum's failure to respond to Tilley and Barnett's motion for summary judgment was motivated by bad faith, but his failure to comply with the Court's order nonetheless reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *Malott v. Haas*, Civ. Action No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where defendants had filed motion for summary judgment, the Court extended the time for plaintiff to respond in opposition, and plaintiff failed to respond to the Court's show-cause orders), *report and recommendation adopted*, 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see also Eidam v. James*, Case No. 21-11579, 2022 WL 3146864, *2 (E.D. Mich. July 5, 2022) (finding that first factor weighs in favor of dismissal where pro se plaintiff "failed" to "respond to the motion for summary judgment or the Court's Order to Show Cause" because "'defendants cannot be expected to defend an action' that plaintiff has 'apparently abandoned, not to mention the investment of time and resources expended to defend this case'" (quoting *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May

---

[1] Under the "prison mailbox rule[,] . . . a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). The rationale for this rule is that "pro se prisoners have no control over delays between the prison authorities' receipt of [a pleading] and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273–74 (1988) (emphasis in original). Courts assume, "absent contrary evidence," that an incarcerated person handed over a pleading to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925. All references herein to Shrum's filings use the dates on which Shrum signed his filings.

27, 2008))), *report and recommendation adopted,* 2022 WL 3142958, at *1 (E.D. Mich. Aug. 5, 2022). The first factor therefore weighs in favor of dismissal.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Tilley and Barnett answered the complaint (Doc. Nos. 13, 20) and filed a motion for summary judgment (Doc. No. 29). Those steps are typical of the early stages of litigation and were not necessitated by Shrum's delay. *See Schafer*, 529 F.3d at 739; *see also Story v. Dickson Cnty. Sheriff's Off.*, Case No. 3:21-cv-00667, 2023 WL 8361778, at *4 (M.D. Tenn. Nov. 9, 2023) (finding that answering complaint and filing motion for summary judgment are steps "typical of

12

the early stages of litigation"), *report and recommendation adopted*, 2023 WL 8355897 (M.D. Tenn. Dec. 1, 2023). There is therefore no indication that Tilley and Barnett wasted substantial time, money, or effort due to a lack of cooperation from Shrum. This factor weighs against dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Shrum that failure to respond to Tilley and Barnett's motion for summary judgment may result in dismissal of his claims against them. (Doc. Nos. 35, 39.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though Tilley and Barnett have moved for summary judgment. *See Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

### B. Dismissal under Rule 4(m)

In the nearly two years since Shrum filed his complaint, the Marshals Service has not been able to effect service of process on Williams. The Court has warned Shrum that failure to effect service of process on Williams in accordance with Rule 4 may result in dismissal of his claims. (Doc. No. 23.) When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Rule 4(c) "dovetails" with § 1915, *Byrd*, 94 F.3d at 219, by providing that "[t]he court must" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

> Together, Rule 4(c)([3]) and 28 U.S.C. § 1915([d]) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

That does not mean, however, that an incarcerated pro se plaintiff proceeding *in forma pauperis* automatically shows good cause for extending the Rule 4(m) deadline when the Marshals Service has been unable to effect service of process on a defendant. Courts in this circuit consider the *in forma pauperis* plaintiff's conduct and the totality of the circumstances in determining whether good cause exists to extend the Rule 4(m) deadline. For example, in *Abel v. Harp*, the Sixth Circuit considered the fact that the plaintiff diligently attempted to contact the Marshals Service "when he knew there was a problem with service on the defendants" and also considered the fact that "[t]he Marshals Service [incorrectly] advised [the plaintiff] that it had served all of the defendants" before holding that good cause existed to extend the Rule 4(m) deadline. 122 F.

App'x 248, 252 (6th Cir. 2005). By contrast, in *VanDiver v. Martin*, the court found that a pro se incarcerated *in forma pauperis* plaintiff failed to show good cause to extend the Rule 4(m) deadline where the plaintiff "remained silent after being put on notice that [ ] Defendants had not been served" at the address he provided because the defendants "no longer worked for the Michigan Department of Corrections." 304 F. Supp. 2d 934, 941, 942 (E.D. Mich. 2004); *see also Freeman v. Collins*, Civ. Action No. 2:08-cv-00071, 2011 WL 4914873, at *5 (S.D. Ohio Aug. 15, 2011) (finding that pro se incarcerated *in forma pauperis* plaintiff failed to show good cause to extend Rule 4(m) deadline where he "took no action to cure the lack of service for a significant period . . ."). Similarly, in *Staub v. Nietzel*, the Sixth Circuit found that good cause did not exist to extend the Rule 4(m) deadline despite the "administrative snafu" that the Clerk of Court did not issue a summons for the unserved defendant because the plaintiff "was on notice" that the defendant remained unserved, failed to inquire about the status of service or provide additional information for service to the court, and "fail[ed] to provide any reasonable explanation for sitting idly by for six years[.]" Case No. 22-5384, 2023 WL 3059081, at *8–9 (6th Cir. Apr. 24, 2023). The court found *VanDiver* analogous and distinguished *Byrd* on the basis that the plaintiff "receive[d] notice that [the defendant] remained unserved" and failed to act for years. *Id.* at *9.

Here, Shrum first provided the address of Williams's last known employment at SCCF, and the Clerk of Court issued a summons to Williams at that address. (Doc. No. 7.) That summons was returned as unexecuted, and the Court undertook measures to discover Williams's most recent address by ordering Warden Perry to provide that address under seal. (Doc. Nos. 11, 14, 16.) Warden Perry did so, but the identified house was vacant and the Marshals Service was not able to locate Williams. (Doc. Nos. 17, 22.)

More than a year has passed since Shrum has been on notice that the Marshals Service diligently but unsuccessfully attempted to effect service of process on Williams. In that time, the docket shows that Shrum has actively participated in this litigation and has not raised the issue of service on Williams. Shrum has not shown that good cause exists to further extend the service deadline. *Staub*, 2023 WL 3059081, at *8–9.

The Court must consider the seven relevant factors that the Sixth Circuit articulated in *Oakland Physicians Medical Center, LLC*, 44 F.4th at 568–69, to determine whether a further discretionary extension of the service deadline is warranted. The second and fourth factors—prejudice to the defendants and prejudice to the plaintiff—weigh in favor of granting Shrum a discretionary extension. There is no indication that Williams would be unduly prejudiced by a further extension of the service deadline. *See id.* at 571 (noting that "examples of prejudice" include "'a defendant's inability to present a full and fair defense on the merits due to a loss of records, the death of a witness, or the unreliability of memories of long past events'") (quoting *Nartron Corp. v. Borg Indak, Inc.*, 848 F. Supp. 2d 725, 748 (E.D. Mich. 2012)). The events at the center of Shrum's claims are relatively recent as his complaint alleges that the acts in question took place in February 2022. (Doc. No. 1.)

The Court's refusal to further extend the service deadline may cause substantial prejudice to Shrum because his claims would likely be time-barred if he re-asserted them in a new action. Claims brought under § 1983 are subject to "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, the applicable limitations period is one year. *Id.* (citing Tenn. Code Ann. § 28-3-104); *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (same). However, "[t]he date on which the statute of limitations begins to run

in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635. Generally, "the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.*; *Harrison v. Michigan*, 722 F.3d 768, 772–73 (6th Cir. 2013). Here, Shrum's allegations in the amended complaint took place in February 2022. (Doc. No. 1.) Over a year has passed since the alleged incidents occurred, therefore it is likely that Shrum's claims would be time-barred if he reasserted them in a new action. However, "the running of the statute of limitations does not *require* a court to grant a discretionary extension[.]" *Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 570 (collecting cases).

The remaining factors weigh against an extension. A further extension would be well beyond the 90-day time period for service under Rule 4(m), as more than 600 days have passed since Shrum filed his complaint; there is no indication that Williams has actual notice of this lawsuit; and there do not appear to be any unique equitable factors weighing in favor of another extension.

Because Shrum has not achieved service of process on Williams in compliance with Rule 4 and this Court's orders despite ample time to do so, and notice that failure to do so may result in dismissal, the Court finds that dismissal of Shrum's claims against Williams without prejudice under Rule 4(m) is appropriate.

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Shrum's claims against Defendants Tilley and Barnett be DISMISSED WITHOUT PREJUDICE under Federal Rule of Procedure 41(b), that Tilley and Barnett's motion for summary judgment (Doc. No. 29) be FOUND MOOT, and that Shrum's claims against Defendant Williams be DISMISSED WITHOUT PREJUDICE under Federal Rule of Procedure 4(m). The Magistrate Judge therefore RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in its entirety.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 14th day of June, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge