# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES E. SHRUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00669** |
| | ) | **Judge Aleta A. Trauger** |
| **TIMOTHY TILLEY** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM

Before the court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 40), recommending that plaintiff James Shrum's claims against defendants Timothy Tilley and Tyler Barnett, both officers at the South Central Correctional Facility ("SCCF") while the plaintiff was incarcerated there, be dismissed without prejudice under Federal Rule of Civil Procedure 41(b), for failure to prosecute; that Shrum's claims against defendant Christopher Williams be dismissed without prejudice under Federal Rule of Civil Procedure 4(m), for failure to effect service of process on this defendant; that Tilley and Barnett's Motion for Summary Judgment (Doc. No. 29) be found moot; and that this case be dismissed in its entirety without prejudice. The R&R also advised the plaintiff that he had fourteen days after service thereof to file "specific written objections" to the R&R. (Doc. No. 40, at 18.)

As set forth herein, the R&R will be accepted in its entirety, and this case will be dismissed without prejudice.

## I.    BACKGROUND

The plaintiff filed this lawsuit *pro se* in August 2022 while he was incarcerated at SCCF. (Doc. No. 1, at 3.) After it was filed, the court conducted an initial review of the Complaint under the Prison Litigation Reform Act and determined that it stated colorable claims under 42 U.S.C. § 1983 against defendants Tilley, Barnett, and Williams based on their alleged use of excessive force in restraining the plaintiff. The court directed service of process on these defendants. Tilley and Barnett were served, but Williams has never been served, despite several attempts by the U.S. Marshals Service to effect service at Williams' last known address, provided under seal by officials at the prison at which he was formerly employed.

Defendants Tilley and Barnett filed their Motion for Summary Judgment, supporting Memorandum, Statement of Undisputed Material Facts, and various affidavits in February 2024. (Doc. Nos. 29 and attached exhibits, 30.) The R&R sets forth in detail the lengths to which the Magistrate Judge went in order to ensure that the plaintiff had received service of the defendants' summary judgment motion and related filings and to ensure that he had the opportunity to respond. (Doc. No. 40, at 3–6.) Despite ample opportunity to do so, the plaintiff never filed a proper response to the Motion for Summary Judgment or the defendants' Statement of Undisputed Material Facts (Doc. Nos. 29, 29-1). In particular, he never responded to or complied with the Magistrate Judge's Orders setting and then extending the deadline for responding. (*See* Doc. Nos. 35, 39.) Those Orders specifically notified the plaintiff that the failure to file a timely response "may result in a recommendation that his claims be dismissed for failure to prosecute or the motion for summary judgment being granted without opposition." (Doc. No. 35, at 1–2; Doc. No. 39, at 4.)[1]

---

[1] The record reflects that Shrum filed two letters, dated March 25, 2024 and April 4, 2024, in response to Tilley and Barnett's motion for summary judgment and the Magistrate Judge's

In light of that failure, the R&R sets forth the standard under Rule 41(b) for *sua sponte* dismissal of an action "for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court" and addresses each of the factors to be considered in determining whether such dismissal is appropriate. (Doc. No. 40, at 7 (citations omitted).) The R&R also addresses the plaintiff's failure to locate or effect service upon defendant Williams in the nearly two years since this lawsuit was filed and more than a year since the plaintiff was placed on notice that the U.S. Marshals Service had "diligently but unsuccessfully attempted service of process on Williams" at his last known address, the standards that govern dismissal for failure to effect timely service of process, and the relevant standards for determining whether a further extension of the service deadline under Rule 4 was warranted. (*Id.* at 16.) Based on a thorough and thoughtful analysis of the relevant factors as applied to the facts of this case, the Magistrate Judge recommends dismissal of this action in its entirety without prejudice.

After the R&R was issued and served on the plaintiff, he submitted two filings to the court, both received June 26, 2024. (Doc. Nos. 41, 42.) In the first, Shrum states that he was at that time incarcerated at the Sumner County Jail in Gallatin, Tennessee and expected to be released on July 11, 2024.[2] (Doc. No. 41, at 1.) He states that he received the R&R and is responding to it by providing "some names and witnesses" who can attest that he "did indeed get injured" by Tilley

---

Orders. (Doc. Nos. 37, 38.) In these letters, Shrum confirmed that he had received the summary judgment filings and stated that he anticipated being released from jail in July 2021, has proof and eyewitnesses to support his claim, and wanted to proceed to trial against the defendants in this action. (*See* Doc. Nos. 37, 38.) The Magistrate Judge clearly informed Shrum that these letters did not constitute an adequate response to the Motion for Summary Judgment and that he was required to file a response that complied with L.R. 7.01(a)(3) and 56.01(c), the text of both of which is also set forth in the Magistrate Judge's Order. (*See* Doc. No. 39, at 3.)

[2] The record reflects that the plaintiff was transferred from SCCF to Morgan County Correctional Complex in December 2022 and to the Sumner County Jail in February 2024, around the time the defendants filed their Motion for Summary Judgment. (*See* Doc. Nos. 5, 31, 35.)

and other members of the SCCF staff, is still suffering injuries that require additional treatment, still needs surgery on his right eye, and will "further be able to factual dispute this action" after his release from jail. (*Id.*) The second filing contains a list of prison medical providers, presumably the promised witnesses, including Amber Daden, HSN, Medical Staff Provider Mary Dean, Mental Health Provider Ms. Melgon, Nurse French [first name unknown], Nurse Perry [first name unknown], and Medical Scheduler Outside Appts. Donna Lacombs. (Doc. No. 42, at 1.) Shrum does not explain what information these individuals possess that is relevant to his claims, but he again states that he "will be able to have all facts and summary of undisputed material facts and other names of eye witnesses" once he has been released from jail. (*Id.*) He states that the facility where he is incarcerated has no law library and that he cannot order stamps because he is indigent. (*Id.*) Shrum does not, however, address the Magistrate Judge's findings or recommendations, and he makes no attempt to explain why he did not request further extension of the response deadlines established by the Magistrate Judge's Orders. He also does not contend that he was in any way prevented from complying with the Magistrate Judge's Orders or from responding in a timely fashion to the Motion for Summary Judgment.

## II.    STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation, any "party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000)))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## III.    ANALYSIS

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond substantively to the arguments made in the Motion for Summary Judgment and his failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status or his lack of education.

The plaintiff's two filings following service of the R&R in this case are not sufficiently specific to be deemed objections. The plaintiff simply states that he will respond to the defendants'

Motion for Summary Judgment motion after he is released from incarceration. This response is not acceptable. He has not addressed the reasons for dismissal set forth in the R&R or explained his reasons for not filing a timely response to the Motion for Summary Judgment, in accordance with the Magistrate Judge's Orders. To the extent the recent filings can be construed as objections, they are not sufficiently specific to warrant *de novo* review. *Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509.

Regardless, the court has reviewed the record in this case and agrees with the magistrate judge's findings and conclusions in their entirety. The court finds that the plaintiff has failed even to attempt to meet his burden of responding in a timely fashion to the defendants' Motion for Summary Judgment, and his incarcerated status does not absolve him of that responsibility. He also has not addressed his failure to serve defendant Williams. Finding no error in the R&R, and given the absence of specific objections, the court will accept the R&R in its entirety and overrule the plaintiff's objections, assuming his recent filings can be construed as objections.

## IV.    CONCLUSION

The plaintiff's construed objections to the R&R, such as they are, will be overruled. In accordance with the R&R, this case will be dismissed in its entirety without prejudice, for failure to prosecute (as to defendants Tilley and Barnett) and for failure to effect service of process (as to defendant Williams). The defendants' Motion for Summary Judgment will be terminated as moot. The plaintiff is nonetheless notified that, under the Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105(a), he has one year within which to refile his claims.[3]

---

[3] As the Magistrate Judge noted, however, the claims against defendant Williams may be barred by the statute of limitations based on the plaintiff's failure to effect service of process upon that defendant. *See Fed. Deposit Ins. Corp. v. Cureton*, 842 F.2d 887, 892 (6th Cir. 1988).

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge